*Kirkpatrick O. J.
This is a case arising in the Com *909 mon Pleas of Burlington county. It is brought up here, by the consent of the parties, without writ of error, and submitted to the consideration of the court, without ° nient.
This is a mode of proceeding, altogether extra judicial, and contrary to the course of the common law. If we should enter into the consideration of the case, all that we can say upon it, will be merely advisory; we can pronounce no judgment; we can issue no execution; we can render to none of these parties their respective rights; the court below, may tell us, they are obliged to us for our advice, but that we are mistaken in the law, and that therefore, they cannot be governed by such advice, (a)
I think, therefore, that as a general course of practice, it would be improper for the court to express any opinion, upon cases presented in this way.
But, as in this particular case, the parties seem not to have been aware of this difficulty, and as the opinion of the court, however informally rendered, may save them from further trouble and expense, I have no objection to look into it.
The case arises upon the prosecution of, what is commonly called, a constable’s bond.
In August term, 1815, there was a judgment by default, and an assessment of damages by the court, for the prosecutor, Harker, for $30.83, with cost. Upon this judgment, execution was sued out, and delivered to the sheriff, September 26, 1815, commanding him to make the whole penalty of the bond, being $10,000, but endorsed for the damages and costs only. This execution was afterwards satisfied.
In November term, 1815, John A. Johnson and Samuel Reeves, suggested further breaches of the condition of this bond, and obtained rules upon the defendants, to shew cause, why their damages should not be assessed, at the then next term, and executions go thereupon.
On the 24th of January, 1816, one Huldah Qaskill, entered up a judgment, upon a bond and warrant of attorney, *910 against the defendant, Solomon GasMll, for $950, with costs, which, an execution was taken out, and delivered *° ^le s^er7®'> on the5th of September, 1816, and was after-wards returned, levied upon all the defendant’s property, object to prior incumbrances, <fcc.
On the 13th of February, 1816, Johnson and Reeves, obtained *their assessments, made by the court, and took out their executions thereupon, which were afterwards, levied upon the same property of Solomon Gaskill, the other defendants having nothing, &e. The like proceedings were afterwards had, in favour of one Borden, whose execution, also, was levied in like manner.
The court, upon the sale of the property, ordered the sheriff, to bring the money into court, to wait their order. And the question is, as to the priority of these executions.
The action is in debt, upon a bond, with a special condition; the judgment is by default, and damages assessed for the prosecutor; other breaches are afterwards suggested by other persons, and damages assessed thereupon by the court, on motion only, without scire 'facias, and without the intervention of a jury. I cannot find any statute, authorizing this proceeding, at the time of this transaction; and if not so authorized, the executions issued upon such assessments, certainly cannot be maintained, and much less preferred, to those which are lawful and right. The damages were assessed upon these breaches, February 13, 1816, and the first act that I can find, authorizing such assessment, was passed on the 16th of February, 1816. The legislature, indeed, by that act, have thought proper to take away from the citizen, the trial by jury; but even if this should be submitted to, yet, if it was subsequent to the transaction, it cannot support it.
Perhaps, however, this objection may be removed out of the way, for I must confess, that I have not been able to collect all the acts of assembty, dispersed, as they are, in loose pamphlets; and if removed, then I think there can be no doubt as to the priority. The first execution delivered to the sheriff, must prevail. The first judgment, indeed, ties up the hands of the debtor, so that he can neither sell nor incumber the land; but as to creditors *911 pursuing their rights, they are to be preferred according to their diligence. "
The act of assembly declares, that an execution bind goods, but from tlie time of its delivery to the sherifi; and if two or more be delivered on the same day, that which was first delivered, shall be first satisfied; and it further declares, that when there are executions against both goods and lands, the priority and preference, shall be given as on executions against goods only ; and that all disputes respecting the same, shall be adjudged and determined accordingly.
*That the prosecutor, Marker, took out execution for the whole penalty, cannot help those who came in after-wards. In the first place, it was irregular to do so; his execution ought to have recited both the judgment by default, and the assessment, and the mandatory part of it, ought to have regarded the assessment only. But even if it bad not been liable to this exception, the act of assembly upon that subject, expressly declares, that when the sum so assessed, is made, and satisfied upon such execution, the lands of the defendant shall be forthwith discharged therefrom; though the judgment shall stand as security for other breaches, it shall stand as security, that is, it shall bind the lands against all sales and incumbrances by the debtor himself, but not against creditors who have equal rights, and who gain a preference in due course of law, by placing their executions first in the hands of the sheriff.
I am of opinion, therefore, that the execution of Huldah G ask ill, is entitled to be preferred to those of Johnson, Reeves, and Borden, and that they again have preference according to the time they wore actually delivered to the sheriff.

 Consent cannot give jurisdiction. Falkenburgh vs. Cramer, Coxe 31. Parker vs. Munday, Coxe 70. Mitten vs. Smock, Pen. *911. Cottrell ads. Thompson, 3 Gr. 344.